**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME IGNACIO ESTRADA, | No. 14-16591 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-00592-LHK |
| v. | |
| MICHAEL SAYRE, CMO; CHERYL MALO-CLINES, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jaime Ignacio Estrada, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and retaliation.  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Estrada's deliberate indifference claims because Estrada failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Estrada's chronic pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-61 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence and a mere difference in opinion are insufficient to establish an Eighth Amendment violation); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

The district court properly granted summary judgment on Estrada's retaliation claim because Estrada failed to raise a genuine dispute of material fact as to whether Malo-Cline took any adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth the elements of a retaliation claim in the prison context).

14-16591

The district court did not abuse its discretion by denying Estrada's motion for reconsideration because Estrada failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject as without merit Estrada's contention that the district court failed to address his motion to strike. We also reject Estrada's contention regarding fees under the Prison Litigation Reform Act. *See Bruce v. Samuels*, 136 S. Ct. 627 (2016) (holding that "[28 U.S.C.] § 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**